IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRICK SMITH, # 265143, | ) | |
| | ) | |
| Smith, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:12CV353-WHA |
| | ) | [WO] |
| CHERYL PRICE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

Petitioner Darrick Smith ("Smith"), an inmate in the custody of the Alabama
Department of Corrections, filed this petition for habeas corpus relief pursuant to 28 U.S.C.
§ 2254, challenging his 2009 conviction for first-degree theft of property entered against him
by the Circuit Court for Houston County, Alabama.  *Doc. No. 10-1.*

Smith was charged with stealing his former girlfriend's backpack, in violation of
Alabama Code § 13A-8-3.  *Doc. No. 10-1* at *7.*  A jury found him guilty, and he was
sentenced as an habitual offender to life in prison.  *Doc. No. 10-2* at 62, 66; *Doc. No. 10-15*
at 1.  Smith appealed;  the Alabama Court of Criminal Appeals affirmed the judgment.  *Doc.
No. 10-5.*  He sought further review, but the Alabama Supreme Court struck his petition for
a writ of certiorari for failure to comply with Rule 39 of the Alabama Rules of Appellate
Procedure.  *Doc. Nos. 10-7, 10-8.*  A certificate of judgment issued on February 8, 2010.
*Doc. No. 10-9.*

Smith then filed in state court a petition for postconviction review on November 16, 2010. *Doc. No. 10-10* at 5-36. Smith had several different attorneys representing him during the course of his criminal trial, and he argued that he was denied effective assistance of counsel at trial and on direct appeal, in violation of the Sixth Amendment. *Id.*; *Doc. No. 10-15* at 4. The Circuit Court summarily dismissed the petition after the State responded. *Doc. No. 10-15* at 1-2. Smith appealed the summary dismissal, and the Alabama Court of Criminal Appeals remanded for an evidentiary hearing and further findings. *Id.* at 4. The Circuit Court held a hearing and issued findings and rulings against Smith. *Id.* Smith appealed, and the Alabama Court of Criminal Appeals affirmed the dismissal and denied Smith's request for rehearing. *Id.* at 11; *Doc. No. 10-16.* Smith sought a petition for a writ of certiorari with the Alabama Supreme Court, raising all his previous claims. *Doc. No. 10-17.* The Alabama Supreme Court denied the petition for writ of certiorari and issued a certificate of judgment on March 9, 2012. *Doc. Nos. 10-18, 10-19.* This federal habeas petition followed on April 13, 2012.[1] Respondents do not argue the petition is untimely.

## II. HABEAS PETITION

Smith's petition for federal habeas relief based on the same ineffective assistance of

---

[1]The petition was stamped "filed" in this court on April 18, 2012, and Smith signed it on April 13, 2012. *Doc. No. 1* at 1, 16. Pursuant to the prison "mailbox rule," however, the court considers April 13, 2012, as the date of filing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that [the prisoner's petition] was delivered to prison authorities the day he signed it . . . ."

counsel claims he raised in his appeal from the denial of his postconviction petition:[2]

1.  Counsel failed to investigate the facts relevant to the case and pursue defenses;

2.  Counsel failed to interview Smith's sister-in-law;

3.  Counsel failed to request a jury instruction on the definition of "deprive" as it is used in the theft statutes;

4.  Counsel failed to object to admission of a protection from abuse order entered against Smith concerning his victim; and

5.  Counsel failed to object to Smith's life sentence, and counsel failed to file a motion for reconsideration.

*Doc. Nos. 1, 1-1, 10-15.*

Respondents filed an answer to Smith's habeas application in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, arguing the petition is due to be denied. *Doc. No. 9.* Specifically, Respondents argue Smith cannot prevail on the merits of his claims under 28 U.S.C. § 2254(d) because the state court rulings are not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, and the decisions were not the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Doc. No. 9* at 15; *see* 28 U.S.C. § 2254(d).

This Court entered an order advising Smith of the constraints that 28 U.S.C. § 2254(d)(1) places on the power of a federal court to grant relief. *Doc. No. 11.* The Court

---

[2]Smith also unsuccessfully challenged his life sentence under the Eighth Amendment in state postconviction proceedings. *Doc. No. 10-15* at 11. Smith does not raise this claim in his § 2254 petition. *See Doc. No. 1.*

afforded Smith an opportunity to file a reply to Respondents' answer, *id,* and he did so. *Doc. No. 13.*

After reviewing the § 2254 petition, Respondents' answer, Smith's reply, the state court record, and applicable federal law, the Court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts.*

### III.  CLAIMS PROPERLY BEFORE THE COURT

Smith raises five[3] claims that his counsel in state court provided constitutionally ineffective assistance.  He is not entitled to relief on any of his claims.

### A.  No Evidentiary Hearing Is Needed

Smith does not request an evidentiary hearing, and the Court concludes no hearing is needed. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted).  The Court is not required hold an evidentiary hearing on Smith's ineffective assistance claims because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

---

[3]In his reply, Smith does not address his claims related to the jury instruction or life sentence except in general comments that his conviction violates § 2254.  *Doc. No. 13* at 2-4.  The Court nevertheless addresses all the claims. *See Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992)(en banc).

## B.  Standard of Review

A federal court may consider a petition "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Consequently, this Court has authority to grant habeas relief for errors of federal constitutional law only, not state law.  *Id.*; *see also Ferguson v. Secretary, Dept. Corrections,* 580 F.3d 1183, 1211-12 (11th Cir. 2009) (claim involving solely state law issues could not serve as the basis for a federal habeas claim).

For claims properly before a federal court, a writ of habeas corpus shall be granted only if the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Congress, through passage of AEDPA in 1996, "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The United States Supreme Court has held that a state court decision is "contrary to" federal law "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially

indistinguishable facts." *Id.* at 694 (citing *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000)). Under the "unreasonable application" standard, this Court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a Smith's case in an objectively unreasonable way. *See Williams*, 529 U.S. at 411-13 (O'Connor, J., delivering the opinion of the Court with respect to Part II).   "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision.  *See id.* at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).  As the Eleventh Circuit has said,  "[c]learly established federal law is *not* the law of the lower federal courts, including this Court.  Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'"  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis in original, quoting *Williams*, 529 U.S. at 412).  The reviewing court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."  *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  "In order to merit AEDPA deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each

-6-

aspect of the Smith's argument." *Smith v. Sec'y, Dept. of Corr.*, 572 F.3d 1327, 1333 (11th Cir. 2009).  All that is required under § 2254(d)(1) [for deference to the decision of the state court] is an adjudication on the merits, not a full state court opinion." *Parker v. Sec'y, Dept. of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003).

Federal habeas courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas Smith "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Habeas relief is granted sparingly, reserved for "'extreme malfunctions in the state criminal justice systems'" and "not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington*, 131 S. Ct. at 786, and further quotation marks omitted).  "The usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings . . . demands that state-court decisions be given the benefit of the doubt.'" *Allen v. Secretary, Florida Dept. of Corr.*, 611 F.3d 740, 748 (11th Cir. 2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted)).  As the Supreme Court has reminded courts, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. . . . [Section 2254(d)]

preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther."  *Harrington*, 131 S. Ct. at 786.  Within this disciplined framework, the court addresses Smith's claims that are properly before the Court.

## C.  Ineffective Assistance of Counsel

To demonstrate a claim of ineffective assistance, Smith must show that counsel performed "below an objective standard of reasonableness," and that he was prejudiced by the deficiency.  *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*.  at 688.  To establish prejudice, Smith is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  There is a strong presumption that counsel's performance was reasonable, and great deference is shown to choices dictated by reasonable trial strategy.  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation."  *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).  The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel.  *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991).  Appellate counsel cannot be deemed ineffective for failing to raise meritless claims

on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Because the state courts ruled on the merits of Smith's ineffective assistance of counsel claims, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*,  134 S. Ct. 10, 13 (2013) (quotation marks and citation omitted); *Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

### 1.  Counsel's Failure to Investigate

Smith argues that trial counsel failed to investigate his defense that he honestly believed that he had claim to the property he purportedly stole. *Doc. No. 1* at 11. At trial, the evidence demonstrated that after Smith's relationship with the victim ended, the victim obtained a protection from abuse order against Smith, and the victim began counseling services at a domestic violence shelter. *Doc. No. 10-15* at 2 (Ala. Ct. Crim. Appeals ruling); *see also Doc. No. 10-2* at 44-54. On January 23, 2006, Smith approached the victim in the parking lot of the shelter and followed her inside. *Doc. No. 10-15* at 2. Staff inside the shelter called police and asked Smith to leave. *Id.* Smith grabbed the victim's backpack and fled. *Id.* The victim testified the backpack contained her driver's license, cash, and a debit card. *Id.*

In the state court postconviction proceedings, Smith claimed that he bought the backpack from a street vendor who could prove Smith owned the backpack, but the victim stole the backpack from Smith's vehicle while at a gas station. *Id.* at 5. Smith claimed his

attorneys were ineffective in failing to locate and call the vendor as a witness, and he claimed his attorneys should have sought surveillance video at the gas station, which could have corroborated Smith's defense. *Id.*

The Alabama Court of Criminal Appeals recognized that it is a defense to the crime of theft of property if the accused honestly believed he had claim to the property. *Id.* at 5-6. The Court ruled that counsel reasonably investigated the defense. Smith had five different attorneys from the time he was arrested until his trial. *Id.* at 4; *Doc. No. 10-1* at 2, 26, 37, 52, 67 (listing counsel, withdrawals, and appointments). Jack Blumenfeld withdrew after Smith expressed displeasure with him. *Doc. No. 10-15* at 6; *Doc. No. 10-12* at 16-18. Mark Johnson withdrew from the case, and he did not recall the witnesses Smith identified. *Doc. No. 10-15* at 6-7 (quoting Circuit Court ruling); *Doc. No. 10-11* at 21-25. Rebecca McCorkel testified that she filed a motion for extraordinary expenses to investigate Smith's claims about the vendor and the gas station, but she did not have an address or information about them, and the investigator found them unsubstantiated. *Doc. No. 10-15* at 6; *Doc. No. 10-12* at 27-32. Michael Crespi was appointed, and soon thereafter Smith insisted on a motion for a speedy trial, which was granted. *Doc. No. 10-15* at 6; *Doc. No. 10-12* at 7-16. Crespi did not recall Smith identifying someone at the gas station about the backpack, and he did not move to continue trial to investigate these claims because Smith had demanded a speedy trial. *Doc. No. 10-12* at 9, 12.

The state trial court held that there was a complete investigation of the defense during

Ms. McCorkel's representation, but no substantive facts justified Smith's claims, and he did not show there was a reasonable probability that but for trial counsel's performance the outcome of the proceeding would have been different. *Doc. No. 10-11* at 8-9; *Doc. No. 10-15* at 6-7. The Court of Criminal Appeals held that the record substantiated the Circuit Court's findings, and it agreed that Smith failed to meet the *Strickland* standard. *Doc. No. 10-15* at 7.

The state court's factual findings on this issue are presumed correct, and Smith makes no showing to rebut the presumption. *See* 28 U.S.C. § 2254(e). Counsel has a duty to conduct a reasonable investigation. *Strickland*, 466 U.S. at 691. Giving counsel's judgment "a heavy measure of deference," *id.*, the decision to forego further investigation after a fruitless search was a reasonable, strategic choice that counsel made after sufficient inquiry. *Id.*; *see also Small v. Florida Dep't of Corr.*, 470 F. App'x 808, 812 (11th Cir. 2012) ("Whether to call a witness is the epitome of a strategic decision, and is one that we will seldom, if ever, second guess.") (citation omitted). Smith still has not identified the witness or shown the witness or evidence would have been admissible at his trial. *E.g.*, *Reed v. Sec'y, Florida Dep't of Corr.*, 767 F.3d 1252, 1262 (11th Cir. 2014) ("Because the record amply supports the determination that [the witness] was unavailable, we are hard-pressed to find that the outcome of [Smith's] trial would have been different had [counsel] investigated [the witness].") (citations omitted). Therefore, the state court ruling that Smith failed to make any showing that he was prejudiced by counsel's acts was a reasonable determination

of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  Smith is not entitled to habeas relief based on this claim.

### 2.  Counsel's Failure to Interview Smith's Sister-in-Law

Smith claims his trial attorney should have interviewed his sister-in-law Angie Smith, *Doc. No. 1* at 12, because he was with her at the time he supposedly was stalking the victim during the day on January 23, 2006.  Smith contends he gave counsel the information, but counsel failed to follow up on it.  *Id.*; *Doc. No. 10-15* at 8; *Doc. No. 10-10* at 17.

The Court of Criminal Appeals held that the record failed to support Smith's claim. *Doc. No. 10-15* at 8.  It pointed out that the victim testified she did not see Smith during the day on January 23, 2006, and instead she saw him when she went to the shelter.  *Id.*; *Doc. No. 10-2* at 45-46 (victim saw Smith after she got off work and went to the shelter).  The state court held the evidence from Angie Smith would not have been relevant or provided a plausible defense; therefore, Smith failed to show counsel's failure to investigate and call Angie Smith did not prejudice Smith.   *Doc. No. 10-15* at 8-9.  The state court also held summary disposition of the issue was appropriate.  *Id.* at 9.

Smith does not challenge the factual findings on the issue, and they are presumed to be correct.  *See* 28 U.S.C. § 2254(e).  The witness would have added nothing to Smith's defense, and he suffered no prejudiced by counsel's failure to pursue a meritless issue.  *See*

*Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) (per curiam) (counsel not ineffective in failing to pursue meritless claims). Thus, the state court's ruling that Smith failed to show he was prejudiced by counsel's act was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Smith is not entitled to habeas relief based on this claim.

### 3.  Counsel's Failure to Ask for Jury Instruction Defining "Deprive"

Smith argues that his trial counsel failed to request a jury instruction on the definition of "deprive"as it is used in the theft statutes. *Doc. No. 1* at 13. The Alabama Court of Criminal Appeals held that Smith failed to explain how he was prejudiced by counsel's failure to ask for the instruction, and his pleading failed to satisfy the specificity requirement of Rule 32.6(b), Alabama Rules of Criminal Procedure. *Doc. No. 10-15* at 9-10.

The state court's factual findings on this issue are presumed correct, and Smith makes no showing to rebut the presumption. *See* 28 U.S.C. § 2254(e). Smith argues the jury "is not legally minded enough to understand criminal statutes which contain[] many legal terminologies." *Doc. No. 1* at 13. Juries, however, are presumed to follow the instructions given to them. *See generally Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Other than his general statement, Smith gives no explanation of how the outcome of his criminal proceeding would have been different if counsel had requested the jury instruction. *See Strickland*, 466 U.S. at 688, 694. The state court's ruling that Smith failed to make any showing that he was

prejudiced by counsel's act was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  Smith is not entitled to habeas relief based on this claim.

### 4.  Counsel's Failure to Challenge Admission of Protective Order

Smith argues that his trial counsel should have objected to admission of the protection from abuse order that the victim previously obtained against Smith because the evidence had no probative value, it was misleading, and it was prejudicial to his defense.[4]  *Doc. No. 1* at 13-14.  At trial, the state offered without objection the protection from abuse order that the victim obtained against Smith.  *Doc. No. 10-2* at 42.

The Alabama Court of Criminal Appeals ruled the order was "merely cumulative" of "an abundance of testimony suggesting that Smith had been abusive toward" the victim. *Doc. No. 10-15* at 10.  The evidence included the victim's testimony that she sought services at the shelter because of her problems with Smith, that the victim was afraid of Smith at the time of the incident and remained afraid of him at trial, and that the victim referred to Smith as "the perpetrator" when she talked to staff at the shelter.  *Id.*  Consequently, the Court held Smith failed to show he was prejudiced by counsel's failure to object to the order, and

---

[4]Smith suggests that all the evidence of Smith's abusive relationship toward the victim should have been excluded.  *Doc. No. 1* at 14.  In state court, Smith challenged only admission of the protective order, and this Court cannot review his larger argument because he procedurally defaulted it without excuse.  *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (discussing the procedural default doctrine).

summary disposition was appropriate. *Id.*

Under Alabama law, "[t]he erroneous admission of evidence that is merely cumulative is harmless." *Towles v. State*, No. 1121099, 2014 WL 4666538, at *18 (Ala. Sept. 19, 2014) (quotation marks and citations omitted). The state court's factual findings on this issue are presumed correct, and Smith makes no showing to rebut the presumption. *See* 28 U.S.C. § 2254(e). The state court reasonably applied *Strickland* in ruling that Smith failed show  he was prejudiced when counsel failed to challenge admission of the order. *See Strickland*, 688 U.S. at 694. The state court's determination that Smith failed to satisfy *Strickland* was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Smith is not entitled to habeas relief based on this claim.

**5.  Counsel's Failure to Challenge Life Sentence and Seek Reconsideration**

Smith argues that his trial counsel failed to object to the life sentence Smith received, and he argues that his appellate counsel failed to file a motion for reconsideration. *Doc. No. 1* at 15. The Alabama Court of Criminal Appeals ruled that Smith's sentence was appropriate. *Doc. No. 10-15* at 10. Smith had three prior felony convictions, and his first-degree theft conviction was a class B felony. Consequently under Alabama law his punishment was "imprisonment for life or any term of not less than 20 years." *Id.* (quoting Ala. Code § 13A-5-9(c)(2)). Smith's counsel asked for a sentence at the lower end of the

sentencing range because no one was injured during the theft.[5]  *Id.* at 11.  Despite counsel's efforts, the trial court imposed the maximum sentence.  *Doc. No.* 10-15 at 11.  In review of this claim, the state court ruled that Smith "asserted nothing more than a bare allegation unsupported by facts."  *Id.*  It added that Smith failed to establish prejudice required under *Strickland*, and summary dismissal against Smith was appropriate.  *Id.*

The state court's factual findings on this issue are presumed correct, and Smith makes no showing to rebut the presumption.  *See* 28 U.S.C. § 2254(e).  Counsel made reasonable arguments for a more lenient sentence, and Smith fails to show he was prejudiced by counsel's actions regarding his sentence.  *See Strickland*, 466 U.S. at 69.  The decision of the Alabama state court on Smith's claim was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  Smith is not entitled to habeas relief based on this claim.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Darrick Smith be DENIED and DISMISSED with prejudice.

It is further

---

[5]Smith also implies his counsel should not have insisted that the state provide certified copies of his prior felony convictions.  Doc. No. 1 at 15.  Counsel's insistence on certified copies ensured Smith was not sentenced based on an improper criminal history.

ORDERED that on or before **June 23, 2015** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of June, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

-17-